

**Summit County Court of Common Pleas**
**Civil Division**

# NEW CASE DESIGNATION FORM



EXHIBIT A

**Primary Plaintiff:**

Wendy Minniefield, et al.

vs

**Primary Defendant:**

Woodard-CM, LLC, et al.

For Official Use Only:

Case No: _____

Judge: _____

☒ Jury Demanded?

☒ Refiled Case?
Previous Case Number: CV-2021-06-1703
Previous judge: Susan Baker Ross

| Torts | | Money | | Miscellaneous | |
|---|---|---|---|---|---|
| ☐ PCOM | Personal Injury | ☐ CGCO | Cognovit Note | ☐ BACO | Breach of Agreement |
| ☒ LCOM | Product Liability | ☐ CBCO | Creditor's Bill | ☐ BCOM | Breach of Contract |
| ☐ MMCO | Medical Malpractice | ☐ MCOM | Money Due | ☐ BLCO | Breach of Lease |
| ☐ LMCO | Legal Malpractice | ☐ PNCO | Promissory Note | ☐ BWCO | Breach of Warranty |
| ☐ DMCO | Dental Malpractice | | | ☐ DCOM | Declaratory Judgment |
| ☐ WDCO | Wrongful Death | | | ☐ FORJ | Foreign Judgment |
| | | | | ☐ INCO | Injunction |
| **Real Property** | | | | ☐ RPCO | Replevin |
| ☐ PTCO | Partition | | | ☐ SCOM | Subrogation |
| ☐ QTCO | Quiet Title | | | ☐ AARB | Arbitration |
| ☐ FCOM | Foreclosure - Enter required parcel information below | | | ☐ DICO | Discrimination |
| | | | | ☐ CCLA | Sex Offender Classification |
| | | | | ☐ UCSV | Consumer Sales Practice Violation |
| | | | | ☐ WCAS | Workers Compensation Asbestos Appeal |
| | | | | ☐ WCOM | Workers Compensation |
| | | | | ☐ AAPP | Administrative Appeal |

Parcel Number: _____
Parcel Address: _____
City: _____ State: _____ Zip: _____

**Other**
☐ _____

**Attorney Information:** ☐ Address Change?

Attorney Name: Scott A. Rumizen
Firm Name: Rumizen & Weisman Co., Ltd.
Address: 25201 Chagrin Blvd., Suite 270
Address: _____
City: Beachwood  State: OH  Zip: 44122
Phone: (216) 658-5500

Attorney Signature

s/ 0058561
Supreme Court Number

Rev 1.4 20131002

CV Form 001

*Sandra Kurt, Summit County Clerk of Courts*

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| WENDY MINNIEFIELD<br>8449 Legend Court<br>Macedonia, Ohio 44056 | ) )<br>)<br>) | CASE NO.<br><br>JUDGE |
| and | ) )<br>) | |
| ELLIS JACKSON<br>8449 Legend Court<br>Macedonia, Ohio 44056 | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | |
| WOODARD – CM, LLC<br>S/A: The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 | )<br>)<br>)<br>)<br>)<br>) | **COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |
| and | )<br>) | |
| LITEX INDUSTRIES, LIMITED<br>S/A: John F. Mares<br>3401 West Trinity Boulevard<br>Grand Prairie, TX, 75050 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| MENARD, INC.<br>S/A: Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Now come Plaintiffs, Wendy Minniefield ("Minniefield") and Ellis Jackson ("Jackson"), by and through counsel, and for their Complaint against Defendants, state as follows:

## PARTIES / JURISDICTION / VENUE

1. Plaintiffs Minniefield and Jackson are married and reside in Summit County, Ohio.

2. Upon information and belief, Defendant Woodard-CM, LLC ("Woodard") is a Delaware corporation that manufactures, supplies and sells furniture including, but not limited to, patio furniture and chairs.

3. Upon information and belief, Defendant Litex Industries, Limited ("Litex") is a Texas corporation licensed to do business in the State of Ohio and is a manufacturer or supplier of chairs.

4. Defendant Menard, Inc. ("Menard") is a home improvement retail company headquartered in Wisconsin and licensed to conduct business in the State of Ohio.

5. Defendant Menard: (a) regularly transacts business in the State of Ohio; (b) contracts to supply services and goods in the State of Ohio; (c) caused the tortious injury described herein in the State of Ohio; (d) maintains continuous and systematic business contacts within the State of Ohio; (e) derives substantial revenue from goods used or consumed in the State of Ohio; and (f) purposefully directs business activities, including the sale of Litex Industries, Ltd. and/or Woodard – CM, LLC furniture products to Ohio residents.

6. Jurisdiction is proper in this Court pursuant to R.C. §2307.382 and Civ.R. 4.3(A).

7. Venue is proper pursuant to Civ.R. 3(C)(3).

2

## FACTUAL ALLEGATIONS

8. Plaintiffs restate and reaffirm all allegations contained in Paragraphs 1 through 7 of the Complaint as if fully rewritten herein, and further state the following:

9. Plaintiffs Minniefield and Jackson were business invitees at the Menards store located at 125 Graham Road, Cuyahoga Falls, Summit County, Ohio.

10. At approximately 6:30 p.m., Plaintiff Minniefield attempted to sit on a patio chair ("the chair") that was displayed on the Menards sales floor.

11. As soon as Plaintiff Minniefield sat in the chair, the seat detached from its steel base which caused the chair to collapse and caused Plaintiff Minniefield to fall violently to the ground.

12. As a result of the chair collapsing, Plaintiff Minniefield sustained significant trauma and personal injuries.

13. Upon information and belief, the chair was manufactured by Defendants Woodard and/or Litex and was being sold by Defendant Menard.

## COUNT I
### (Product Liability)

14. Plaintiffs restate and reaffirm the allegations contained in Paragraphs 1 through 13 of the Complaint as if fully rewritten herein and further state the following:

15. At all times herein mentioned, Defendants Woodard and Litex were engaged in the formulation, production, creation, construction, assembling, design and/or building of the chair.

16. The chair was defective in its manufacture, pursuant to the provision enumerated in R.C. §2307.74.

17. The chair was defective in its design or formulation pursuant to the provision of R.C. §2307.75.

3

18. The chair was defective due to the inadequate warning or instruction pursuant to R.C. §2307.76.

19. A defective aspect of the chair includes, but is not limited to, its structural integrity and inadequate design.

20. As a direct and proximate result of Defendants' negligence and defective product design, Plaintiff Minniefield sustained significant personal injuries to various parts of her body. Said injuries caused her pain, suffering and disability.

21. As a further direct and proximate result of Defendants' negligence, Plaintiff Minniefield incurred hospital and medical bills, all to her further damage and expense.

22. As a further direct and proximate result of the foregoing, Plaintiff was caused to miss time from work and therefore lost wages.

## COUNT II
### (Negligence)

23. Plaintiffs restate and reaffirm the allegations contained in Paragraphs 1 through 22 of the Complaint as if fully rewritten herein, and further state the following:

24. On or before June 2, 2018, Defendant Menard was negligent in one or more of the following respects:

   a. Purchasing a defective chair when it knew or should have known that the chair was dangerous;

   b. Allowing its patrons including, but not limited to, Plaintiff Minniefield, to sit on the chair when it knew or should have known the chair was dangerous;

   c. Failing to regularly inspect its floor exhibits, including the chair;

   d. Failing to remove the chair from the Menards store when it knew or should have known upon reasonable inspection that the chair was dangerous; and

4

  e.  Failing to properly assemble the chair that Plaintiff sat on and was caused to fall.

25. As a direct and proximate result of Defendant Menard's negligence, Plaintiff Minniefield suffered damages and injuries as alleged in Count I.

## COUNT III
### (Punitive Damages)

26. Plaintiffs restate and reaffirm the allegations contained in Paragraphs 1 through 25 of the Complaint as if fully rewritten herein, and further state the following:

27. At all relevant times, Defendants acted with malice, manifested a flagrant disregard for the safety of persons who might be harmed by the chair, and demonstrated a conscious disregard for the rights and safety of others, including the safety of Plaintiff Minniefield.

28. As a direct and proximate result of Defendants' punitive and malicious conduct, Plaintiffs are entitled to an award of punitive or exemplary damages.

## COUNT IV
### (Loss of Consortium)

29. Plaintiffs restate and reaffirm the allegations contained in Paragraphs 1 through 28 of the Complaint as if fully rewritten herein, and further state the following:

30. At all relevant times herein, Plaintiffs Minniefield and Jackson were married as husband and wife.

31. As a direct and proximate result of Defendants' foregoing conduct, Plaintiff Jackson lost the consortium services of his wife.

**WHEREFORE,** Plaintiffs demand judgment against each Defendant, individually and collectively, for compensatory damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus the cost of this action, and any other relief this Court deems just and equitable;

and for punitive damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus the cost of this action, attorney fees and any other relief this Court deems just and equitable.

Respectfully submitted,

*/s/ Scott A. Rumizen*
SCOTT A. RUMIZEN (0058561)
R. MATTHEW WEISMAN (0099087)
Rumizen & Weisman Co., Ltd.
25201 Chagrin Boulevard, Suite 270
Beachwood, Ohio 44122
Tel: (216) 658-5500
Fax: (216) 658-5100
Email: srumizen@weismaninjury.com
       mattweisman@weismaninjury.com

*Counsel for Plaintiffs*

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of the maximum number allowable by law.

*/s/ Scott A. Rumizen*
SCOTT A. RUMIZEN (0058561)

6